UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
ST. LOUIS DIVISION

| | |
|---|---|
| SHAWN SULLIVAN, individually, and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>DENT WIZARD INTERNATIONAL, LLC, a Foreign Limited Liability Company,<br><br>Defendant. | Case No.<br><br>JURY TRIAL DEMANDED |

**COLLECTIVE ACTION COMPLAINT**
**AND DEMAND FOR JURY TRIAL**

Plaintiff, Shawn Sullivan ("Plaintiff"), for himself and on behalf of others similarly situated, by and through undersigned counsel, files this Complaint against Defendant, Dent Wizard International, LLC ("Defendant" or "Dent Wizard"), and states as follows:

**INTRODUCTION**

1. This is a collective action brought pursuant to 29 U.S.C. § 216(b) by Plaintiff, individually, and on behalf of all similarly situated persons employed by Defendant arising from Dent Wizard's recurrent and willful violations of the Fair Labor Standards Act, as amended 29 U.S.C. § 201, *et seq*. ("FLSA").

**JURISDICTION**

2. Jurisdiction in this Court is proper as the claims are brought pursuant to the FLSA to recover unpaid overtime wages, an additional equal amount as liquidated damages, and reasonable attorney's fees and costs.

3. The jurisdiction of the Court over this controversy is proper pursuant to 28 U.S.C. § 1331, as Plaintiff's claims arise under 29 U.S.C. § 216(b).

4. This Court has supplemental jurisdiction over Plaintiff's breach of contract claim pursuant to 28 U.S.C. § 1367(a), because Plaintiff's breach of contract claim forms a part of the same case or controversy and arises out of a common nucleus of operative facts as his FLSA overtime claim.

5. Venue is proper in this District under 28 U.S.C. § 1391(b)(1) because Dent Wizard is headquartered in this District and regularly conducts business in this district.

## PARTIES

6. At all times material hereto, Plaintiff was, and continues to be a resident of Alachua County, Florida.

7. At all times material hereto, Dent Wizard was, and continues to be, a Limited Liability Company incorporated in Delaware, with its headquarters and principal place of business in Bridgeton Missouri. Dent Wizard provides automotive repair services throughout the United States, including repair services not provided at Dent Wizard's retail locations.

8. At all times material hereto, Dent Wizard was an employer as defined by 29 U.S.C. 201 *et seq*.

9. At all times material hereto, Plaintiff was an "employee" of Dent Wizard within the meaning of FLSA.

10. At all times material hereto, Dent Wizard was, and continues to be, an "enterprise engaged in commerce" and/or an enterprise engaged in the "production of goods for commerce" within the meaning of FLSA by virtue of *inter alia* its regular and continuous simultaneous business operations in multiple states.

11.     Based upon information and belief, the annual gross revenue of Dent Wizard was in excess of $500,000.00 per annum during each of the three years preceding the date this Complaint is filed.

12.     At all times material hereto, Dent Wizard had two (2) or more employees handling, selling, or otherwise working on goods or materials that had been moved in or produced for commerce, such as tires, rims, tools, phones, computers, and other office materials.

13.     At all times material hereto, the work performed by Plaintiff was directly essential to the business performed by Dent Wizard.

14.     Plaintiff brings this action on behalf of all similarly situated current and former non-exempt technicians who did not work for a Dent Wizard retail location, and who worked for Dent Wizard at any time during the three (3) years prior to the filing of this Complaint up to the present, who elect to file a consent to join in this action.

**STATEMENT OF FACTS**

15.     In or around March 2021, Dent Wizard employed Plaintiff to work as a non-exempt interior/wheel technician. Subsequently, Plaintiff was promoted and worked as a senior technician, and then a master technician.

16.     Plaintiff continues to work for Dent Wizard.

17.     Dent Wizard employs several types of technicians. Specifically, these include interior technicians, wheel technicians, paint technicians, paintless dent repair technicians, senior technicians, and master technicians.

18.     This group of technicians who, like Plaintiff, worked outside of Dent Wizard's retail locations, are referred to in the Complaint as "Non-Retail Technicians," "the Putative Collective," or "those similarly situated."

19. While some of Dent Wizard's technicians worked in Dent Wizard's retail locations, the Non-Retail Technicians, like Plaintiff, are sent to perform work at car dealerships with which Dent Wizard contracts, generally to perform work on vehicles to prepare them for resale.

20. Upon Plaintiff's hire, Dent Wizard promised Plaintiff an initial hourly guarantee of fifteen dollars ($15) per hour every two-weeks, with a cap on payment at forty hours. Dent Wizard further promised that once Plaintiff routinely billed more than his guarantee, Dent Wizard would change his pay plan to compensate him based on a percentage of the amount Dent Wizard billed for his work.

21. Plaintiff accepted this offer and performed work for Dent Wizard.

22. Plaintiff was initially paid hourly at $15/hr for hours up to forty in a workweek.

23. Plaintiff worked overtime hours while he was compensated at an hourly rate.

24. Plaintiff was not paid overtime premiums during the time he was paid hourly.

25. Plaintiff was later paid a percentage of what Defendant billed for his work.

26. Plaintiff worked overtime hours while he was compensated based on a percentage of what Defendant billed for his work.

27. Plaintiff was not paid overtime premiums during the time period that Defendant compensated him based on a percentage of what Defendant billed for his work.

28. Plaintiff's job duties included performing repairs for auto dealerships on cars bought at auction and slated for resale.

29. Plaintiff was often required to work fifty-five (55) or more hours in a workweek, inclusive of the compensable intra-day drivetime spent driving to assigned dealerships.

30. Dent Wizard did not permit Plaintiff to account for hours over forty (40) in each workweek.

31. Plaintiff worked over forty (40) hours in many workweeks of his employment, including in the three years before the date this Complaint is filed.

32. Dent Wizard was aware of the hours Plaintiff worked over forty (40).

33. Dent Wizard did not compensate Plaintiff at one and one-half times his regular rate of pay for his overtime hours.

34. In fact, Dent Wizard paid no overtime premiums to Plaintiff at all.

35. Upon information and belief, including in Plaintiff's experience, Dent Wizard's other Non-Retail Technicians were also paid an initial hourly rate for several weeks or months for hours up to forty in a workweek, followed by conversion to a pay plan based on a percentage of what Defendant billed for their work, and also were not paid overtime premiums for hours worked over forty (40).

36. Due to the policies and practices described above, during the three years preceding the filing of this Complaint, Dent Wizard failed to compensate Plaintiff and other Non-Retail Technicians at a rate of one and one-half times their regular rate of pay, and sometimes even at the minimum legally permissible overtime rate of pay, for all hours worked in excess of forty (40) hours in a single workweek.

37. Plaintiff and other Non-Retail Technicians who worked for Dent Wizard in the three years prior to the commencement of this lawsuit should be compensated at a rate of one and one-half times their regular rate of pay, or, where applicable, the minimum lawful overtime rate of pay where their regular rate falls below the permissible minimum wage, for those hours that they worked in excess of forty (40) hours per workweek.

38. Dent Wizard has violated Title 29 U.S.C. § 207 during the three years preceding the filing of this Complaint, in that:

    a. Plaintiff and those similarly situated worked in excess of forty (40) hours per week during their period of employment with Dent Wizard;

    b. No payments, and provisions for payment, have been made by Dent Wizard to properly compensate Plaintiff and those similarly situated at the statutory rate of one and one-half times their regular rates for those hours worked in excess of forty (40) hours per work week as provided by the FLSA; and

    c. Dent Wizard failed to maintain proper time records as mandated by the FLSA.

39. Dent Wizard knowingly, willfully, or with reckless disregard carried out its illegal pattern or practice of failing to pay proper overtime compensation with respect to Plaintiff and those similarly situated, as Dent Wizard knew or with reasonable diligence should have known that Plaintiff and other Non-Retail Technicians are entitled to be paid for all of their overtime hours at an overtime rate.

40. Dent Wizard's repeated violations of the FLSA were willful, systemic, and egregious, as evidenced by at least seven (7) lawsuits against Dent Wizard between 2001 and the present alleging violations of the FLSA, including, but not limited to: *Vincent D' Alessandro v. Dent Wizard Intl, et al*, No. 2:01-cv-01546 (2001); *LABR v. Dent Wizard Intl,* No.: 4:01-cv-00958 (2001); *Pritchard, et al v. Dent Wizard Internat*, No.: 2:02-cv-00022 (2002); *Rowland, et al v. Francois, et al,* No. 2:02-cv-00752 (2002); *Morgan v. Gandalf LTD, et al*, No.: 2:03-cv-00325 (2003); *Neman v. Greater Houston All-Pro Interior LLC et al*, No.:4:11-cv-03082 (2011); and *Miles v. Dent Wizard International Corporation*, No.: 4:19-cv-00530 (2019).

41.     Despite knowledge of its legal obligations under the FLSA, Dent Wizard acted deliberately in failing to compensate Plaintiff and those similarly situated at least one and one-half times their regular rate of pay for hours worked in excess of forty (40) in a workweek.

42.     Rather than changing their policies and practices in response to these lawsuits, Dent Wizard simply settled the suits on an individual basis, and continues to fail to pay overtime.

43.     In addition to the unpaid overtime claims described above, Dent Wizard failed to pay Plaintiff his full commissions after he was promoted to senior technician in January 2024. .

44.     Dent Wizard promised to pay Plaintiff a higher percentage of what Defendant billed for his work based on this promotion.

45.     Specifically, Plaintiff was promised a rate of 42% of the amount billed for his work.

46.     Plaintiff began receiving this higher percentage in July 2024.

47.     From January 2024, through June 2024, Dent Wizard failed to pay Plaintiff his promised commission.

48.     Plaintiff made efforts to resolve this issue with Dent Wizard prior to filing this lawsuit but has been unsuccessful.

## COLLECTIVE ACTION ALLEGATIONS

49.     Plaintiff brings these claims under the FLSA as a collective action and will request the Court to grant conditional certification under 29 U.S.C. §216(b), and to order notices to potential opt-in individuals who are, or were, employed by Dent Wizard as Non-Retail Technicians within three (3) years prior to the commencement of this lawsuit.

50. As part of its regular business practices, Dent Wizard intentionally, willfully, and continually harmed Plaintiff and the Putative Collective by engaging in a pattern, practice, or policy of violating the FLSA as to all Non-Retail Technicians.

51. Although Dent Wizard permitted and/or required Non-Retail Technicians to work in excess of forty (40) hours per workweek, Dent Wizard has denied them full compensation for their hours worked over forty (40) hours.

52. The Non-Retail Technicians were all paid an initial hourly rate for hours up to forty in a workweek, during which time they were not paid overtime premiums, despite working overtime hours.

53. The Non-Retail Technicians' period of hourly pay was followed by a change to compensation based on a percentage of the amounts Defendant billed for their work.

54. The Non-Retail Technicians all performed auto repair work at car dealerships on vehicles for resale.

55. The Non-Retail Technicians did not work at Dent Wizard's retail locations.

56. Plaintiff and the other Non-Retail Technicians were not compensated at a rate of time and one-half for all of the hours that they worked over forty (40) each week.

57. Plaintiff and the other Non-Retail Technicians have worked in excess of forty (40) hours during one or more workweeks in the three years preceding this Complaint

58. Plaintiff and the Putative Collective uniformly suffered from Dent Wizard's illegal policies of failing to pay overtime premiums for overtime hours as described herein.

59. Dent Wizard's failure to pay overtime as required by the FLSA results from generally applicable policies or practices and does not depend on the personal circumstances of the Non-Retail Technicians.

60. The Non-Retail Technicians, irrespective of their particular job requirements, are entitled to overtime compensation for hours worked in excess of forty (40) hours during each workweek.

61. As such, the collective of similarly situated Plaintiffs are properly defined as follows:

> **All current and former wheel technicians, interior technicians, paint technicians, paintless dent repair technicians, senior technicians, and master technicians who were employed by Dent Wizard to work outside of its retail locations within the last three (3) years, who were not compensated at one and one-half times their regular rate of pay for all hours worked in excess of forty (40) hours in a workweek.**

62. Upon information and belief, Dent Wizard's failure to compensate the Putative Collective at a rate of at least one and one-half times their regular rate of pay for all hours worked in excess of forty (40) hours in a workweek results from Dent Wizard's policy or practice that applies to all similarly situated Non-Retail Technicians, companywide.

## COUNT I
## RECOVERY OF OVERTIME COMPENSATION UNDER FLSA

63. Plaintiff realleges and reincorporates paragraphs 1 through 42 and 49 through 62 as if fully set forth herein.

64. Plaintiff worked in excess of forty (40) hours in a workweek in most, if not all, workweeks while employed by Dent Wizard.

65. Plaintiff was not properly compensated at the statutory rate of one and one-half times his regular rate of pay for the hours that he worked in excess of forty (40) hours in a workweek.

66. Plaintiff is entitled to be paid at the statutory rate of one and one-half times his regular rate of pay for those hours worked in excess of forty (40) hours in a workweek.

60. Upon information and belief, the Putative Collective worked hours over forty (40)

9

in one or more workweeks in the three (3) years preceding this Complaint.

61. The Putative Collective were not paid premiums of time and one half of their regular rate of pay for hours worked over forty (40) in a workweek.

62. The Putative Collective is entitled to be paid at the statutory rate of one and one-half times their regular rates of pay for those hours worked in excess of forty (40) hours in a workweek.

63. Dent Wizard's actions were willful and/or showed reckless disregard for the provisions of the FLSA as Dent Wizard knew, or with reasonable diligence should have known, that overtime premiums were, and are due.

64. Dent Wizard failed to properly disclose or apprise Plaintiff and the Putative Collective of their rights under the FLSA.

65. Due to the intentional, willful, and unlawful acts of Dent Wizard, Plaintiff and the Putative Collective suffered, and continue to suffer, damages and lost compensation for hours worked over forty (40) hours per week, plus liquidated damages.

66. Plaintiff and members of the Putative Collective who opt into this matter are entitled to an award of reasonable attorney's fees and costs pursuant to 29 U.S.C. §216(b).

## COUNT II
## BREACH OF CONTRACT

67. Plaintiff realleges and reincorporates paragraphs 1 through 16, 20 through 28, and 43 through 48 as if fully set forth herein.

68. Upon his promotion to Senior Technician, Plaintiff was promised an increase to 42% of the amount Defendant billed for his work

69. Plaintiff agreed to these terms and conditions of employment.

70. Plaintiff then worked for Dent Wizard as a senior technician, fulfilling his duties under the contract.

71. From at least January 2024 through June 2024, Dent Wizard failed to pay Plaintiff the promised increased commission rate.

72. Dent Wizard's failure to pay constitutes a material breach of the Parties' agreement.

73. Plaintiff was damaged by Dent Wizard's breach; in that from at least January 2024 through June 2024, he was not paid the owed compensation for his labor.

74. Plaintiff seeks to recover his damages as a result of the breach.

75. The amounts owed are wages within the meaning of Fla Stat. §448.08.

76. Plaintiff is entitled to recover his reasonable attorneys' fees and costs pursuant to Fla Stat. §448.08.

77. Plaintiff seeks recovery of the promised commissions; as well as all pre and post judgment interest; reasonable attorneys' fees and costs; and all other appropriate relief as determined by the court.

78. Plaintiff does not seek double recovery. If the Court determines that any of the owed contract damages are recoverable under the FLSA, Plaintiff will offset his request for damages by any amounts awarded under the FLSA for the same claim.

## **REQUEST FOR RELIEF**

WHEREFORE, Plaintiff respectfully requests that judgment be entered in his favor against the Dent Wizard:

    a. Certifying this case as a collective action in accordance with 29 U.S.C. § 216(b) with respect to the FLSA claims set forth herein.

b. Compelling Dent Wizard to disclose the names and addresses of all Putative Collective members and permitting Plaintiff to send notice of this action to all similarly situated individuals, including the publishing of notice in a manner that is reasonably calculated to apprise the Putative Collective of their right to join and participate in this lawsuit;

c. Granting judgment in favor of Plaintiff and the Putative Collective and against Dent Wizard ;

d. Awarding Plaintiff and the Putative Collective overtime compensation for all hours worked over forty (40) hours in a workweek at the applicable time and one-half rate;

e. Awarding an equal amount of all owed wages as liquidated damages as allowed under the FLSA;

f. Awarding Plaintiff post-judgment interest on all wages awarded under the FLSA.

g. Awarding Plaintiff payment of amounts owed to Plaintiff for Dent Wizard's breach of its contractual obligation to pay 42% of the amounts billed for his services from at least January 2024 through June 2024;

h. Awarding Plaintiff pre-judgment interest on the overtime award to the extent liquidated damages are not awarded;

i. Awarding Plaintiff pre- and post-judgment interest on any amounts attributed to the breach of contract claim;

j. Reasonable attorneys' fees, costs and expenses of this action as provided by statute; and

k. Such other relief to which Plaintiff and Putative Collective members may be

entitled, at law or in equity.

## JURY DEMAND

Plaintiff demands trial by jury on all issues so triable as a matter of right by jury.

Respectfully submitted this 24th day of January, 2025.

                        Respectfully submitted,

                        */s/ Christopher J. Hinckley*
                        Christopher J. Hinckley, Esq.
                         # 75433MO
                        MORGAN & MORGAN, P.A.
                        200 N. Broadway, Suite 720
                        St. Louis, MO 63102
                        Tel: 314-955-1030
                        Fax: 314-655-9717
                        Email: chinckley@forthepeople.com

                        Angeli Murthy, Esq.
                        (*general admission application provisionally granted*)
                        MORGAN & MORGAN, P.A.
                        8151 Peters Rd., 4th Floor
                        Plantation, FL 33324
                        Tel: 954-318-0268
                        Fax: 954-327-3016
                        E-mail: amurthy@forthepeople.com

                        Corey L. Seldin, Esq.
                        (*general admission application provisionally granted*)
                        MORGAN & MORGAN, P.A.
                        8151 Peters Rd., 4th Floor
                        Plantation, FL 33324
                        Tel: 954-807-7765
                        Fax: 954-807-7786
                        Email: cseldin@forthepeople.com

                        *Trial Counsel for Plaintiff*