UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| SHAWN SULLIVAN, et al., | ) |
| | ) |
| Plaintiffs, | ) |
| | ) |
| v. | )   No. 4:25-cv-00097-AGF |
| | ) |
| DENT WIZARD INTERNATIONAL, LLC, | ) |
| | ) |
| Defendant. | ) |

## MEMORANDUM AND ORDER

Plaintiff Shawn Sullivan, individually and on behalf of others similarly situated, sued Defendant Dent Wizard International, LLC, under the Fair Labor Standards Act ("FLSA"), alleging that Dent Wizard failed to pay its automotive repair / reconditioning services ("ARS") technicians that worked outside of its retail locations overtime wages for hours worked in excess of 40 hours in a workweek.  Now, Sullivan moves for conditional certification of and Court-authorized notice to a collective of workers defined as follows:

> All current and former employees of Dent Wizard who are or were employed by Dent Wizard as Automobile Repair Service Technicians who worked outside of its retail locations within the last three (3) years, and who were not compensated one and one-half times their regular rate of pay for all hours worked in excess of forty (40) hours in a workweek.

ECF No. 24 at 5-6.

Dent Wizard opposes the motion, arguing that the Court should apply a more searching inquiry into the underlying facts at this stage, and that, in any event, Sullivan has not identified an FLSA-violating policy common to all members of the proposed

collective.  In the event that the Court approves the dissemination of notice at this stage, Dent Wizard alternatively argues that some California employees that fall within the proposed collective signed binding arbitration agreements with class and collective action waivers and, therefore, should not receive notice of the lawsuit; and that portions of Sullivan's proposed form of notice and notice process are objectionable.

In reply, Sullivan has agreed that the 45 California employees that Dent Wizard has identified as having signed an arbitration agreement should not receive notice, and that Sullivan will revise the proposed form of notice to address some, but not all, of Dent Wizard's objections.  However, Sullivan asks the Court to reject each of Dent Wizard's other arguments in opposition to his motion.

Because Sullivan has met the lenient standard traditionally required for dissemination of notice at this stage of the litigation, the Court will grant his motion and approve his form of notice in part; however, the Court will require Sullivan to edit the form of notice in the manner he has agreed to in his reply brief and to exclude from the proposed collective action the California employees that have signed an arbitration agreement with Dent Wizard.  The Court will also require a few changes to the proposed notice and notice dissemination process, as set forth below.

## BACKGROUND

At all relevant times, Sullivan was employed by Dent Wizard as an ARS technician.  His duties consisted of repairing and fixing minor cosmetic damage to vehicle interiors and wheels for Dent Wizard's non-retail clients, such as automobile dealerships.  Sullivan alleges that, upon hire, he was paid an "hourly guarantee" with a

2

cap on payment at 40 hours per week.  Sullivan maintains that he worked overtime hours while he was compensated at an hourly rate, but he was not paid overtime premiums during that period.  Sometime after his hire date, Dent Wizard converted Sullivan's pay structure from an hourly rate to a percentage of the amounts Dent Wizard billed for Sullivan's work (once he was billing more than his hourly guarantee).  However, Sullivan alleges that he was still not paid overtime premiums despite working overtime.  Sullivan maintains that no matter what phase of the compensation structure he was in (hourly or percentage), Dent Wizard failed to pay him overtime wages.

Sullivan further alleges that other ARS technicians who worked for Dent Wizard throughout the country, including in Georgia, Illinois, Alabama, New Jersey, and Florida, and served Dent Wizard's non-retail clients, all had the same job duties and the same compensation structure, consisting of an introductory period as an hourly employee and then converting to a percentage based off total work invoiced, once a technician's billing exceeded what he or she earned under the hourly guarantee.

Sullivan contends that none of these ARS technicians received overtime pay as required under the FLSA.  Specifically, Sullivan contends that Dent Wizard never tracked the actual time these technicians spent working and required technicians to record only 40 hours of work on their timesheets, regardless of the actual time they spent working.  Sullivan maintains that, "[p]ursuant to Dent Wizard policy, work cannot be invoiced until after it is completed, so Dent Wizard's company-wide practice is that ARS Technicians are allowed and encouraged to complete work orders after hours, and without tracking the time," and that "[i]nstead of tracking actual time, Dent Wizard requires and, in some

3

cases, unilaterally changes ARS Technicians' timesheets to reflect no overtime hours worked." ECF No. 24 at 5.

Sullivan attaches to his motion his own sworn declaration and the sworn declarations of five other ARS technicians across multiple states, each describing, based on personal knowledge, the same job duties, pay structure, Dent Wizard practice of requiring technicians to record no more than 40 hours of work regardless of actual hours worked and without tracking actual time worked, and its practice of failing to pay overtime pay despite the technicians having regularly worked more than 40 hours a workweek.  *See* ECF Nos. 24-1 through 24-6.

As noted above, Sullivan filed this action under the FLSA on behalf of himself and other similarly situated ARS technicians.  Approximately 15 other individuals have since consented to join the action.  Further, the Court has consolidated with this case another, nearly identical, FLSA collective action, *Griffiths, et al v. Dent Wizard Int'l, LLC*, Case No.: 4:25-cv00514-AGF, which was originally filed in the United States District Court for the Middle District of Florida but transferred to this Court on April 16, 2025.  At the time of transfer, two individuals in addition to the named Plaintiff in that case, Tyrone Griffiths, had consented to join the suit.

## **DISCUSSION**

Sections 206 and 207 of the FLSA require covered employers to pay employees a regular hourly rate for up to 40 hours a week and overtime compensation at a rate of one and one-half times the regular rate for hours worked in excess of 40 hours.  29 U.S.C. §§ 206, 207(a)(1).  Under the FLSA, any one or more employees for and on behalf of

4

themselves and other employees "similarly situated" may maintain an action for violations of the minimum wage and overtime provisions of the Act. 29 U.S.C. § 216(b). The FLSA does not define the term "similarly situated." Although the Eighth Circuit Court of Appeals has not decided on a standard to use to determine whether potential opt-in plaintiffs are "similarly situated" under § 216(b), the district courts in this Circuit have adopted a two-step analysis. *See e.g.*, *Littlefield v. Dealer Warranty Servs., LLC*, 679 F. Supp. 2d 1014, 1016 (E.D. Mo. 2010).

Under the two-step process, plaintiffs first seek conditional certification, and if granted, the defendant may later move for decertification after the opt-in period has closed and discovery is complete. *See id.*; *Davis v. NovaStar Mortg., Inc.*, 408 F. Supp. 2d 811, 815 (W.D. Mo. 2005). The motion for conditional certification is usually filed before any significant discovery has taken place, and the plaintiffs' burden at this first stage is typically not onerous. *Davis*, 408 F. Supp. 2d at 815. Rather, the standard at this stage requires "nothing more than substantial allegations that the putative class members were together the victims of a single decision, policy or plan." *MacMann v. Tropicana Ent., Inc.*, No. 4:19 CV 404 RWS, 2021 WL 1105500, at *1 (E.D. Mo. Mar. 23, 2021).

"Although credibility determinations and findings of fact are not required at [the first] stage, some identifiable facts or legal nexus must bind the claims so that hearing the cases together promotes judicial efficiency." *Jost v. Commonwealth Land Title Ins. Co.,* No. 08–CV–734–CDP, 2009 WL 211943, at *2 (E.D.Mo. Jan.27, 2009) (citation omitted). "[T]he sole consequence of conditional certification under § 216 is the sending of court-approved written notice to employees who in turn become parties to a collective

5

action only by filing written consent with the court." *Tyson Foods, Inc. v. Bouaphakeo*, 577 U.S. 442, 449 (2016) (cleaned up and citation omitted).

Here, Sullivan has provided substantial allegations that the putative collective action members were the victims of a single decision, policy, or plan by Dent Wizard. Specifically, based on the declarations provided, Sullivan has made a sufficient factual showing that he, along with other ARS Technicians who worked outside of Dent Wizard's retail locations during the last three years, were subject to policies resulting in compensation that did not meet the overtime requirements of the FLSA.

Dent Wizard resists this conclusion by arguing, first, that the Court should apply a higher evidentiary standard than that described above. Specifically, Dent Wizard argues that the Court should apply the standard adopted by the Fifth Circuit in *Swales v. KLLM Transp. Servs., L.L.C.*, 985 F.3d 430 (5th Cir. 2021). Under that framework, a "district court should identify, at the outset of the case, what facts and legal considerations will be material to determining whether a group of 'employees' is 'similarly situated.' And then it should authorize preliminary discovery accordingly." *Swales*, 985 F.3d at 441.

This stricter standard is more akin to the standard applied when determining whether to certify a class action under Federal Rule of Civil Procedure 23 or at the second stage of a putative FLSA collective action during which the court, after discovery, determines whether to decertify the collective action. As Dent Wizard notes, the Sixth Circuit has also adopted a somewhat similar, though not identical standard, for disseminating notice of an FLSA collective action. *See Clark v. A&L Homecare & Training Ctr., LLC*, 68 F.4th 1003, 1011 (6th Cir. 2023) ("[W]e hold that, for a district

6

court to facilitate notice of an FLSA suit to other employees, the plaintiffs must show a 'strong likelihood' that those employees are similarly situated to the plaintiffs themselves."). However, other circuits have continued to apply a two-step process similar to that described above, with only a modest showing of similarity required at the first step. *See, e.g.*, *Scott v. Chipotle Mexican Grill, Inc.*, 954 F.3d 502, 515 (2d Cir. 2020) ("At step one, the district court permits a notice to be sent to potential opt-in plaintiffs if the named plaintiffs make a modest factual showing that they and others together were victims of a common policy or plan that violated the law."); *Halle v. W. Penn Allegheny Health Sys. Inc.*, 842 F.3d 215, 224 (3d Cir. 2016) (holding same).

The Eighth Circuit has not weighed in. However, "[a] review of the case law since *Swales* ... 'reveals nearly universal negative treatment of *Swales* by other district courts in [the Eighth] Circuit." *Beukes v. Boehnke*, No. 24-CV-828 (JWB/DLM), 2024 WL 4380815, at *6 (D. Minn. Oct. 3, 2024) (collecting cases). "Many courts across the country have similarly rejected *Swales*." *Babbitt v. Target Corp.*, No. CV 20-490 (DWF/ECW), 2023 WL 2540450, at *4 (D. Minn. Mar. 16, 2023) (collecting cases).

Until the Eighth Circuit holds otherwise, this Court will continue to apply the standard used by other district courts within the Eighth Circuit. As noted above, "the sole consequence of conditional certification under § 216 is the sending of court-approved written notice to employees who in turn become parties to a collective action only by filing written consent with the court." *Bouaphakeo*, 577 U.S. at 449. The Supreme Court has recognized that authorization of such early notice in putative collective actions is within the discretion of district courts. *See Hoffmann-La Roche Inc. v. Sperling*, 493

7

U.S. 165, 169 (1989).  The Supreme Court reasoned that, where Congress has provided the opportunity to proceed collectively, the judicial system also "benefits by efficient resolution in one proceeding of common issues of law and fact." *Id.* at 170.  But "[t]hese benefits . . . depend on employees receiving accurate and timely notice concerning the pendency of the collective action, so that they can make informed decisions about whether to participate." *Id.*  For that reason, "it lies within the discretion of a district court to begin its involvement early, at the point of the initial notice, rather than at some later time." *Id.*

A more searching inquiry into whether the collective action members are actually similarly situated requires substantial discovery and would therefore delay the dissemination of notice in this case.  The Court declines to impose such a delay.

Dent Wizard also argues that even under the more lenient two-step test routinely applied within this Circuit, the evidence Sullivan presents is insufficient to establish a common policy because Dent Wizard's written policy is to require employees to record all hours worked and to pay employees for all overtime worked.  Dent Wizard has attached to its response brief evidence to support this contention, including its employee handbook and sworn declarations from its managers. *See* ECF Nos. 36, 37.

But employees may still state a claim for an FLSA violation if they can show that the employer has "a common or uniform practice . . . to not follow [its] formal, written policy." *McClean v. Health Sys., Inc.*, No. 11-03037-CV-S-DGK, 2011 WL 6153091, at *6 (W.D. Mo. Dec. 12, 2011) (citation omitted).  In short, Sullivan's evidence, based on limited discovery, supports his claim that ARS technicians for Dent-Wizard's non-retail

8

clients regularly worked more than 40 hours a week and were not compensated for overtime pursuant to Dent Wizard's uniform practice prohibiting technicians from recording more than 40 hours of work on their timesheets.  This is sufficient to support conditional certification for the purpose of disseminating notice only.

**California Technicians With Signed Arbitration Agreements**

Dent Wizard alternatively argues that, at the least the California technicians with signed arbitration agreements should be excluded from the proposed collective. Specifically, Dent Wizard contends that in January of 2024, it began providing arbitration agreements to employees hired in California, which contained express waivers of the employees' rights to "bring or participate in an action on a class or collective basis." ECF No. 35 at 23.  Dent Wizard contends that approximately 45 individuals have signed this arbitration agreement since January 2024.  *Id.*  Dent Wizard further contends that, although the Eighth Circuit has not addressed the issue of whether an arbitration agreement bars conditional certification, two other circuits have held that individuals who signed arbitration agreements with class and collective waivers should not receive notice of a collective action if the employer can demonstrate by a preponderance of the evidence the existence of valid arbitration agreements.  *Id.* at 23-24 (citing *In re JPMorgan Chase & Co*., 916 F.3d 494, 502-03 (5th Cir. 2019); *Bigger v. Facebook, Inc*., 947 F.3d 1043, 1050 (7th Cir. 2020)).

As noted above, Sullivan has agreed to exclude these technicians with signed arbitration agreements from the proposed collective.  Therefore, the Court will limit the dissemination of notice to exclude the technicians with signed arbitration agreements.

9

**Form of Notice**

Dent Wizard also requests that the Court delay the dissemination of notice until the parties meet and confer.  However, "[t]he point of conditional certification is to provide timely notice to affected workers." *Beukes*, 2024 WL 4380815, at *6 n.4 (citation omitted).  Because Dent Wizard has already detailed its objections to Sullivan's proposed notice in its response brief, and Sullivan has responded to those objections, the Court will not further delay notice by requiring the parties to meet and confer.  Rather, the Court will address each of Dent Wizard's objections here.

First, Dent Wizard objects to the proposed notice's header identifying this Court as Dent Wizard maintains such a header may be construed as judicial support for the plaintiff.  It is of course true that "[i]n exercising the discretionary authority to oversee the notice-giving process, courts must be scrupulous to respect judicial neutrality." *Hoffmann-La Roche Inc.*, 493 U.S. at 174.  However, the inclusion of the case caption and court name in a notice of class or collective action is standard and necessary to fully inform the notice recipients of the identity of the case.

Further, as Sullivan notes, the second page of the notice clearly states "**NO OPINION EXPRESSED AS TO MERITS OF THE CASE**" in bold and all capitalized letters, and clarifies:

> This notice is for the sole purpose of determining the identity of those persons who wish to be involved in the claim for violation of the FLSA. The U.S. District Court for the Eastern District of Missouri expresses no opinion regarding the merits of the claims made by Mr. Sullivan, the Plaintiff, or the defenses of Dent Wizard, the Defendant. There is no assurance at this time that any relief will be granted nor, if granted, the nature and amount of relief.

ECF No. 24-7 at 3.

However, the Court will require Sullivan to edit page four of the proposed notice, as Dent Wizard requests.  The final sentence of page four currently states:  "**THIS NOTICE AND ITS CONTENT HAVE BEEN AUTHOIZED BY THE U.S. DISTRICT COURT, EASTERN DISTRICT OF MISSOURI, HONORABLE MAGISTRATE JUDGE AUDREY G. FLEISSIG.**" *Id.* at 5.  To fully respect judicial neutrality, and to accurately reflect the undersigned's title, the Court will require Sullivan to edit this sentence so that it reads: "**U.S. DISTRICT COURT, EASTERN DISTRICT OF MISSOURI, HONORABLE SENIOR DISTRICT JUDGE AUDREY G. FLEISSIG HAS AUTHORIZED THIS NOTICE AND ITS CONTENT BUT HAS NOT CONSIDERED OR MADE ANY DECISION REGARDING THE MERITS OF PLAINTIFF'S CLAIMS OR DEFENDANT'S DEFENSES.**"

Second, Dent Wizard contends that the notice "should include language informing recipients that they may have to pay some portion of Dent Wizard's costs and expenses should Dent Wizard prevail."  ECF No. 35 at 25 (cleaned up).  In response, Sullivan has agreed to add the following language to page three of the proposed notice, after the last sentence in the paragraph titled "**EFFECT OF JOINING THIS LAWSUIT**": "If you do not prevail on your claim, court costs and expenses may possibly be assessed against you."  ECF No. 42 at 12.  The Court concludes that Sullivan's proposed addition is sufficient to address Dent Wizard's concern and will require Sullivan to make this change.

Finally, Dent Wizard objects to the section of the proposed notice advising recipients: "If you want further information about this lawsuit, you may call Plaintiff's attorneys." ECF No. 24-7 at 4. Dent Wizard argues that this language should be deleted as it amounts to solicitation by Sullivan's counsel. The Court disagrees. Language directing potential collective action members that they may contact the attorneys representing the named plaintiff for more information is standard. *See Bowens v. Atl. Maint. Corp.*, 546 F. Supp. 2d 55, 84 (E.D.N.Y. 2008).

Dent Wizard further argues that a sentence should be added to the proposed notice informing recipients that they may have counsel of their own choosing. ECF No. 35 at 19. In response, Sullivan has agreed to add the following language to page four of the proposed notice, under the paragraph titled "**YOUR LEGAL REPRESENTATION IF YOU JOIN**": "You can join this lawsuit by representing yourself or by retaining counsel of your own choosing." The Court concludes that Sullivan's proposed addition is sufficient to address Dent Wizard's concern and will require Sullivan to make this change.

Although Dent Wizard has not stated any more objections to the form of notice, upon its own review, the Court concludes an additional change to the proposed notice is necessary. On page three of the proposed notice, under the heading "**NO RETALIATION PERMITTED**," the second sentence refers to the entity "Charter" instead of "Defendant" or "Dent Wizard." ECF No. 24-7 at 4. Sullivan must change this reference to either "Defendant" or "Dent Wizard."

**Notice Process**

Sullivan proposes to disseminate the notice to potential collective members by U.S. mail, email, and text message. He proposes the following language for the text message: "A COURT HAS AUTHORIZED THIS NOTICE: A lawsuit has been brought against Dent Wizard for allegedly failing to properly pay technicians overtime wages. You have been identified as a person potentially eligible to join this lawsuit. For information about this lawsuit and how it may affect your rights, please contact "[insert counsel of record as of date of notice mailing]." ECF No. 24 at 13 n.10.

Sullivan further requests that Dent Wizard be ordered to post the notice at the ARS technicians' locations and that Sullivan be permitted to send a reminder email and text message to potential collective members 30 days into the opt-in period. Sullivan states that the reminder email/text message will be titled "Reminder of Right to Join Lawsuit" and provide:

> On _____, 2025, you were sent a Notice of Right to Join Lawsuit informing you of a lawsuit in which you could become a member as an Opt-In Plaintiff. You are being sent this second notice because you must join the lawsuit if you want to become a member of the class. If you did not receive the first Notice and would like a copy, please contact Plaintiff's attorney listed below. If you already sent a Consent, it has not been received. The consent must be received by [Date of end of Opt-In Period]. The Court neither encourages nor discourages participation in this lawsuit.

ECF No. 24 at 14 n.12.

Dent Wizard asserts three objections to this proposed notice process. First, Dent Wizard objects that Sullivan's proposal to send a reminder notice is unwarranted and could be seen as improper judicial encouragement to join the lawsuit. The Court agrees that

13

this reminder notice is not necessary and could be seen as the Court encouraging participation, particularly given that the Court is already approving initial notice by three methods (mail, email, and text message), as discussed further below.  *See, e.g.*, *Krott v. New Directions Behav. Health, LLC*, No. 4:19-CV-00915-DGK, 2020 WL 5492992, at *4 (W.D. Mo. Sept. 10, 2020) ("[T]here is a narrow line between advising potential plaintiffs of the existence of a lawsuit and encouraging participation, and, so, the Court is hesitant to authorize duplicative notice so as not to unnecessarily encourage participation or improperly suggest this Court's endorsement of Plaintiff's claims.").  Therefore, the Court will not authorize Sullivan to send a reminder notice.

Second, Dent Wizard argues that the Court should reject Sullivan's request to send notice via text message.  The undersigned recognizes that some courts in this District have permitted notice via text message in collective action cases, and others have found text message notice to be excessive and unnecessary.  *Compare MacMann v. Tropicana Ent., Inc.*, No. 4:19 CV 404 RWS, 2021 WL 1906488, at *1 (E.D. Mo. May 12, 2021), with *Peck v. Mercy Health*, No. 4:21-CV-834 RLW, 2023 WL 2301740, at *2 (E.D. Mo. Mar. 1, 2023).  The undersigned agrees with those judges that have found that notice by multiple forms, including text message, better serves the focus at this stage, which is to ensure collective action members receive accurate and timely notification.  *See MacMann*, 2021 WL 1906488, at *1 ("[B]ecause text messages cannot be filtered to a SPAM folder or rebound because of a full inbox, they are more likely to reach and be read by the intended audience.")

.

14

However, the Court will sustain Dent Wizard's alternative request to require the text message notice to do no more than advise the recipient that, as a current or former employee, they may be entitled to join a pending lawsuit and that they may request a copy of the notice. Thus, the text message should read: "A COURT HAS AUTHORIZED THIS NOTICE: A lawsuit has been brought against Dent Wizard for allegedly failing to properly pay technicians overtime wages. You have been identified as a person potentially eligible to join this lawsuit. For information about this lawsuit, you may request a copy of the notice by contacting [insert claims administrator, or if none, then counsel of record as of date of notice mailing]."

Finally, Dent Wizard argues that it should not be required to post notice of the action at ARS technicians' locations because Sullivan has failed to explain how the other means of providing notice are insufficient or how physically posting notice will increase the likelihood of more potential opt-in members receiving notice. Sullivan requests that notice be "posted at Dent Wizard's retail locations" even though the collective action consists of technicians who worked *outside of* Dent Wizard's retail locations, "because this is where many non-retail ARS Technicians obtain the supplies and equipment to perform their work." ECF No. 42 at 15.

Although courts routinely approve requests to post notice in workplaces, the Court agrees that given the facts of this case, physical notices posted at Dent Wizard's retail locations would mainly be seen by individuals who are not potential collective members, as potential collective members do not work at those locations. The delivery of notice by mail, email, and text message is more than sufficient to reach the eligible opt-in

15

members. Therefore, the Court will deny Sullivan's request for notice to be physically posted at Dent Wizard's retail locations. *See, e.g.*, *Williams v. Insomnia Cookies, LLC*, No. 4:23-CV-669 HEA, 2024 WL 3984955, at *6 (E.D. Mo. Aug. 28, 2024) (denying request to post notice at store locations where only one potential opt-in member worked at each store—the store manager—and concluding that delivery of notice through mail, email, and text message was sufficient).

## CONCLUSION

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's motion for conditional certification and notice to putative collective members is **GRANTED in part**, as set forth above. ECF No. 23. The Court conditionally certifies a collective action consisting of: "All current and former employees of Dent Wizard who are or were employed by Dent Wizard as Automobile Repair Service Technicians who worked outside of its retail locations within the last three (3) years, and who were not compensated at one and one-half times their regular rate of pay for all hours worked in excess of forty (40) hours in a workweek, but excluding technicians that have signed arbitration agreements with class and collective action waivers."

**IT IS FURTHER ORDERED** that Plaintiff's Proposed Notice and Opt-in Form (ECF No. 24-7) is **APPROVED in part**, as set forth above. Plaintiff shall make the following changes to the proposed notice:

- Page three, after the last sentence in the paragraph titled "**EFFECT OF JOINING THIS LAWSUIT**," Plaintiff shall add: "If you do not prevail on

16

> your claim, court costs and expenses may possibly be assessed against you."
>
> - Page three, second sentence under the heading "**NO RETALIATION PERMITTED**," Plaintiff shall change "Charter" to either "Defendant" or "Dent Wizard."
>
> - Page four, under the paragraph titled "**YOUR LEGAL REPRESENTATION IF YOU JOIN**," Plaintiff shall add: "You can join this lawsuit by representing yourself or by retaining counsel of your own choosing."
>
> - Page four, final sentence shall read: "**U.S. DISTRICT COURT, EASTERN DISTRICT OF MISSOURI, HONORABLE SENIOR DISTRICT JUDGE AUDREY G. FLEISSIG HAS AUTHORIZED THIS NOTICE AND ITS CONTENT BUT HAS NOT CONSIDERED OR MADE ANY DECISION REGARDING THE MERITS OF PLAINTIFF'S CLAIMS OR DEFENDANT'S DEFENSES**

Plaintiff's plan for dissemination of notice as set forth in its memorandum in support of conditional certification (ECF No. 24) is **APPROVED in part**, with the following changes:

- Plaintiff's text message notice shall instead read: "A COURT HAS AUTHORIZED THIS NOTICE: A lawsuit has been brought against Dent Wizard for allegedly failing to properly pay technicians overtime wages. You have been identified as a person potentially eligible to join this lawsuit. For information about this lawsuit, you may request a copy of the notice by contacting [insert claims administrator, or if none, then counsel of record as of date of notice mailing]."

- Plaintiff is not authorized to send a reminder notice.

- Defendant is not required to physically post notice at its retail locations.

**IT IS FURTHER ORDERED** that Defendant shall provide to Plaintiff's counsel within **10 days** from the date of this Order the full name, job title, dates of employment, last known address, telephone numbers, and email addresses for each individual in the certified collective in a computer-readable format.

17

**IT IS FURTHER ORDERED** the parties will provide a status report to the court within **90 days** of the date of this Order and every **90 days** thereafter.

Dated this 22nd day of May, 2025.

                                    AUDREY G. FLEISSIG
                                    UNITED STATES DISTRICT JUDGE