IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MISSOURI
ST. LOUIS DIVISION

SHAWN SULLIVAN, INDIVIDUALLY, and
on behalf of all others similarly situated,

Plaintiff,

vs.

DENT WIZARD INTERNATIONAL, LLC, a
Foreign Limited Liability Company,

Defendant.

Case No. 4:25-cv-00097-AGF

**DEFENDANT'S ANSWER AND AFFIRMATIVE
DEFENSES TO PLAINTIFF'S COMPLAINT**

COMES NOW Defendant Dent Wizard International, LLC ("Defendant"), by and through

its undersigned counsel, Littler Mendelson, P.C., and for its Answer and Affirmative Defenses to

Plaintiff's Complaint, states as follows:

**INTRODUCTION**

1.      This is a collective action brought pursuant to 29 U.S.C. § 216(b) by Plaintiff,
individually, and on behalf of all similarly situated persons employed by Defendant arising from
Dent Wizard's recurrent and willful violations of the Fair Labor Standards Act, as amended
29 U.S.C. § 201, *et seq.* ("FLSA").

**ANSWER:**    Defendant admits that Plaintiff purports to bring a claim under the FLSA as

a collective action.  Except as specifically admitted, Defendant denies the allegations in Paragraph

1 of Plaintiff's Complaint.

**JURISDICTION**

2.      Jurisdiction in this Court is proper as the claims are brought pursuant to the FLSA
to recover unpaid overtime wages, an additional equal amount as liquidated damages, and
reasonable attorney's fees and costs.

- 1 -

**ANSWER:**    Defendant admits that this Court has jurisdiction over Plaintiff's FLSA claim, but states that jurisdiction cannot be conferred by admission.  Except as specifically admitted, Defendant denies the allegations in Paragraph 2 of Plaintiff's Complaint.

3.    The jurisdiction of the Court over this controversy is proper pursuant to 28 U.S.C. § 1331, as Plaintiff's claims arise under 29 U.S.C. § 216(b).

**ANSWER:**    Defendant admits that this Court has jurisdiction over Plaintiff's FLSA claim, but states that jurisdiction cannot be conferred by admission.  Except as specifically admitted, Defendant denies the allegations in Paragraph 3 of Plaintiff's Complaint.

4.    This Court has supplemental jurisdiction over Plaintiff's breach of contract claim pursuant to 28 U.S.C. § 1367(a), because Plaintiff's breach of contract claim forms a part of the same case or controversy and arises out of a common nucleus of operative facts as his FLSA overtime claim.

**ANSWER:**    Defendant admits that this Court has jurisdiction over Plaintiff's breach of contract claim, but states that jurisdiction cannot be conferred by admission.  Except as specifically admitted, Defendant denies the allegations in Paragraph 4 of Plaintiff's Complaint.

5.    Venue is proper in this District under 28 U.S.C. § 139l(b)(1) because Dent Wizard is headquartered in this District and regularly conducts business in this district.

**ANSWER:**    Defendant admits that venue is proper in this Court.  Except as specifically admitted, Defendant denies the allegations in Paragraph 5 of Plaintiff's Complaint.

## PARTIES

6.    At all times material hereto, Plaintiff was, and continues to be a resident of Alachua County, Florida.

**ANSWER:**    Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 6 of Plaintiff's Complaint, and therefore, denies the allegations.

7.    At all times material hereto, Dent Wizard was, and continues to be, a Limited Liability Company incorporated in Delaware, with its headquarters and principal place of business

in Bridgeton Missouri. Dent Wizard provides automotive repair services throughout the United States, including repair services not provided at Dent Wizard's retail locations.

**ANSWER:** Defendant admits that it is a limited liability company with its principal place of business in Bridgeton, Missouri.  Defendant further admits that it provides automotive repair services.  Except as specifically admitted, Defendant denies the allegations in Paragraph 7 of Plaintiff's Complaint.

8.     At all times material hereto, Dent Wizard was an employer as defined by 29 U.S.C. 201 *et seq.*

**ANSWER:** Although Paragraph 8 of Plaintiff's Complaint states a legal conclusion to which no response is required, Defendant denies that Defendant was an employer as defined by 29 U.S.C. 201 et seq.

9.     At all times material hereto, Plaintiff was an "employee" of Dent Wizard within the meaning of FLSA.

**ANSWER:** Although Paragraph 9 of Plaintiff's Complaint states a legal conclusion to which no response is required, Defendant denies that Plaintiff was an employee within the meaning of the FLSA.  Defendant denies the remaining allegations in Paragraph 9 of Plaintiff's Complaint.

10.     At all times material hereto, Dent Wizard was, and continues to be, an "enterprise engaged in commerce" and/or an enterprise engaged in the "production of goods for commerce" within the meaning of FLSA by virtue of *inter alia* its regular and continuous simultaneous business operations in multiple states.

**ANSWER:** Although Paragraph 10 of Plaintiff's Complaint states a legal conclusion to which no response is required, Defendant admits that during the relevant time periods, Defendant was engaged in "commerce" and/or its employees were engaged in "commerce," as that term is defined under the FLSA, but denies the remaining allegations in Paragraph 10 of Plaintiff's Complaint.

11.     Based upon information and belief, the annual gross revenue of Dent Wizard was in excess of $500,000.00 per annum during each of the three years preceding the date this Complaint is filed.

**ANSWER:**   Defendant admits the allegations in Paragraph 11 of Plaintiff's Complaint.

12.   At all times material hereto, Dent Wizard had two (2) or more employees handling, selling, or otherwise working on goods or materials that had been moved in or produced for commerce, such as tires, rims, tools, phones, computers, and other office materials.

**ANSWER:**   Defendant admits the allegations in Paragraph 12 of Plaintiff's Complaint.

13.   At all times material hereto, the work performed by Plaintiff was directly essential to the business performed by Dent Wizard.

**ANSWER:**   Defendant denies the allegations in Paragraph 13 of Plaintiff's Complaint.

14.   Plaintiff brings this action on behalf of all similarly situated current and former non-exempt technicians who did not work for a Dent Wizard retail location, and who worked for Dent Wizard at any time during the three (3) years prior to the filing of this Complaint up to the present, who elect to file a consent to join in this action.

**ANSWER:**   Defendant admits that Plaintiff purports to bring this action on behalf of all similarly situated current and former non-exempt technicians who did not work for a Dent Wizard retail location, and who worked for Dent Wizard at any time during the three (3) years prior to the filing of the Complaint. Except as specifically admitted, Defendant denies the allegations in Paragraph 14 of Plaintiff's Complaint.

## STATEMENT OF FACTS

15.   In or around March 2021, Dent Wizard employed Plaintiff to work as a non-exempt interior/wheel technician. Subsequently, Plaintiff was promoted and worked as a senior technician, and then a master technician.

**ANSWER:**   Defendant admits the allegations in Paragraph 15 of Plaintiff's Complaint.

16.   Plaintiff continues to work for Dent Wizard.

**ANSWER:**   Defendant admits the allegations in Paragraph 16 of Plaintiff's Complaint.

17.   Dent Wizard employs several types of technicians. Specifically, these include interior technicians, wheel technicians, paint technicians, paintless dent repair technicians, senior technicians, and master technicians.

**ANSWER:**   Defendant admits the allegations in Paragraph 12 of Plaintiff's Complaint.

18.     This group of technicians who, like Plaintiff, worked outside of Dent Wizard's retail locations, are referred to in the Complaint as "Non-Retail Technicians," "the Putative Collective," or "those similarly situated."

**ANSWER:**     Defendant admits that Plaintiff purports to refer to a group of technicians as "Non-Retail Technicians," "the Putative Collective," or "those similarly situated" in his Complaint.  Except as specifically admitted, Defendant denies the allegations in Paragraph 18 of Plaintiff's Complaint.

19.     While. some of Dent Wizard's technicians worked in Dent Wizard's retail locations, the Non-Retail Technicians, like Plaintiff, are sent to perform work at car dealerships with which Dent Wizard contracts, generally to perform work on vehicles to prepare them for resale.

**ANSWER:**     Defendant admits that some of its employees work at car dealerships. Except as specifically admitted, Defendant denies the allegations in Paragraph 19 of Plaintiff's Complaint.

20.     Upon Plaintiff's hire, Dent Wizard promised Plaintiff an initial hourly guarantee of fifteen dollars ($15) per hour every two-weeks, with a cap on payment at forty hours. Dent Wizard further promised that once Plaintiff routinely billed more than his guarantee, Dent Wizard would change his pay plan to compensate him based on a percentage of the amount Dent Wizard billed for his work.

**ANSWER:**     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 20.  To the extent a response is required, Defendant denies the allegations in Paragraph 20 of Plaintiff's Complaint.

21.     Plaintiff accepted this offer and performed work for Dent Wizard.

**ANSWER:**     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 21.  To the extent a response is required, Defendant denies the allegations in Paragraph 21 of Plaintiff's Complaint.

22.     Plaintiff was initially paid hourly at $15/hr for hours up to forty in a workweek.

**ANSWER:**     Defendant denies the allegations in Paragraph 22 of Plaintiff's Complaint.

23.     Plaintiff worked overtime hours while he was compensated at an hourly rate.

**ANSWER:**     Defendant denies the allegations in Paragraph 23 of Plaintiff's Complaint.

24.     Plaintiff was not paid overtime premiums during the time he was paid hourly.

**ANSWER:**     Defendant denies the allegations in Paragraph 24 of Plaintiff's Complaint.

25.     Plaintiff was later paid a percentage of what Defendant billed for his work.

**ANSWER:**     Defendant denies the allegations in Paragraph 25 of Plaintiff's Complaint.

26.     Plaintiff worked overtime hours while he was compensated based on a percentage of what Defendant billed for his work.

**ANSWER:**     Defendant denies the allegations in Paragraph 26 of Plaintiff's Complaint.

27.     Plaintiff was not paid overtime premiums during the time period that Defendant compensated him based on a percentage of what Defendant billed for his work.

**ANSWER:**     Defendant denies the allegations in Paragraph 27 of Plaintiff's Complaint.

28.     Plaintiff's job duties included performing repairs for auto dealerships on cars bought at auction and slated for resale.

**ANSWER:**     Defendant denies the allegations in Paragraph 28 of Plaintiff's Complaint.

29.     Plaintiff was often required to work fifty-five (55) or more hours in a workweek, inclusive of the compensable intra-day drivetime spent driving to assigned dealerships.

**ANSWER:**     Defendant denies the allegations in Paragraph 29 of Plaintiff's Complaint.

30.     Dent Wizard did not permit Plaintiff to account for hours over forty (40) in each workweek.

**ANSWER:**     Defendant denies the allegations in Paragraph 30 of Plaintiff's Complaint.

31.     Plaintiff worked over forty (40) hours in many workweeks of his employment, including in the three years before the date this Complaint is filed.

**ANSWER:**     Defendant denies the allegations in Paragraph 31 of Plaintiff's Complaint.

32.     Dent Wizard was aware of the hours Plaintiff worked over forty (40).

**ANSWER:**     Defendant denies the allegations in Paragraph 32 of Plaintiff's Complaint.

33.     Dent Wizard did not compensate Plaintiff at one and one-half times his regular rate of pay for his overtime hours.

**ANSWER:**   Defendant denies the allegations in Paragraph 33 of Plaintiff's Complaint.

34.   In fact, Dent Wizard paid no overtime premiums to Plaintiff at all.

**ANSWER:**   Defendant denies the allegations in Paragraph 34 of Plaintiff's Complaint.

35.   Upon information and belief, including in Plaintiff's experience, Dent Wizard's other Non-Retail Technicians were also paid an initial hourly rate for several weeks or months for hours up to forty in a workweek, followed by conversion to a pay plan based on a percentage of what Defendant billed for their work, and also were not paid overtime premiums for hours worked over forty (40).

**ANSWER:**   Defendant denies the allegations in Paragraph 35 of Plaintiff's Complaint.

36.   Due to the policies and practices described above, during the three years preceding the filing of this Complaint, Dent Wizard failed to compensate Plaintiff and other Non-Retail Technicians at a rate of one and one-half times their regular rate of pay, and sometimes even at the minimum legally permissible overtime rate of pay, for all hours worked in excess of forty (40) hours in a single workweek.

**ANSWER:**   Defendant denies the allegations in Paragraph 36 of Plaintiff's Complaint.

37.   Plaintiff and other Non-Retail Technicians who worked for Dent Wizard in the three years prior to the commencement of this lawsuit should be compensated at a rate of one and one-half times their regular rate of pay, or, where applicable, the minimum lawful overtime rate of pay where their regular rate falls below the permissible minimum wage, for those hours that they worked in excess of forty (40) hours per workweek.

**ANSWER:**   Defendant denies the allegations in Paragraph 37 of Plaintiff's Complaint.

38.   Dent Wizard has violated Title 29 U.S.C. § 207 during the three years preceding the filing of this Complaint, in that:

a.   Plaintiff and those similarly situated worked in excess of forty (40) hours per week during their period of employment with Dent Wizard;

b.   No payments, and provisions for payment, have been made by Dent Wizard to properly compensate Plaintiff and those similarly situated at the statutory rate of one and one-half times their regular rates for those hours worked in excess of forty (40) hours per work week as provided by the FLSA; and

c.   Dent Wizard failed to maintain proper time records as mandated by the FLSA.

**ANSWER:**   Defendant denies the allegations in Paragraph 38 of Plaintiff's Complaint.

39.   Dent Wizard knowingly, willfully, or with reckless disregard carried out its illegal pattern or practice of failing to pay proper overtime compensation with respect to Plaintiff and those similarly situated, as Dent Wizard knew or with reasonable diligence should have known

that Plaintiff and other Non-Retail Technicians are entitled to be paid for all of their overtime hours at an overtime rate.

**ANSWER:**    Defendant denies the allegations in Paragraph 39 of Plaintiff's Complaint.

40.    Dent Wizard's repeated violations of the FLSA were willful, systemic, and egregious, as evidenced by at least seven (7) lawsuits against Dent Wizard between 2001 and the present alleging violations of the FLSA, including, but not limited to: *Vincent D'Alessandro v. Dent Wizard Intl, et al,* No. 2:0l-cv-01546 (2001); *LABR v. Dent Wizard Intl,* No.: 4:0l-cv- 00958 (2001); *Pritchard, et al v. Dent Wizard Internal,* No.: 2:02-cv-00022 (2002); *Rowland, et al v. Francois, et al,* No. 2:02-cv-00752 (2002); *Morgan v. Gandalf LTD, et al,* No.: 2:03-cv- 00325 (2003); *Neman v. Greater Houston All-Pro Interior LLC et al,* No.:4:11-cv-03082 (2011); and *Miles v. Dent Wizard International Corporation,* No.: 4:19-cv-00530 (2019).

**ANSWER:**    Defendant denies the allegations in Paragraph 40 of Plaintiff's Complaint.

41.    Despite knowledge of its legal obligations under the FLSA, Dent Wizard acted deliberately in failing to compensate Plaintiff and those similarly situated at least one and one- half times their regular rate of pay for hours worked in excess of forty (40) in a workweek.

**ANSWER:**    Defendant denies the allegations in Paragraph 41 of Plaintiff's Complaint.

42.    Rather than changing their policies and practices in response to these lawsuits, Dent Wizard simply settled the suits on an individual basis, and continues to fail to pay overtime.

**ANSWER:**    Defendant denies the allegations in Paragraph 42 of Plaintiff's Complaint.

43.    In addition to the unpaid overtime claims described above, Dent Wizard failed to pay Plaintiff his full commissions after he was promoted to senior technician in January 2024.

**ANSWER:**    Defendant denies the allegations in Paragraph 43 of Plaintiff's Complaint.

44.    Dent Wizard promised to pay Plaintiff a higher percentage of what Defendant billed for his work based on this promotion.

**ANSWER:**    Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 44.  To the extent a response is required, Defendant denies the allegations in Paragraph 44 of Plaintiff's Complaint.

45.    Specifically, Plaintiff was promised a rate of 42% of the amount billed for his work.

**ANSWER:** Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 45. To the extent a response is required, Defendant denies the allegations in Paragraph 45 of Plaintiff's Complaint.

46.     Plaintiff began receiving this higher percentage in July 2024.

**ANSWER:** Defendant denies the allegations in Paragraph 46 of Plaintiff's Complaint.

47.     From January 2024, through June 2024, Dent Wizard failed to pay Plaintiff his promised commission.

**ANSWER:** Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 47. To the extent a response is required, Defendant denies the allegations in Paragraph 47 of Plaintiff's Complaint.

48.     Plaintiff made efforts to resolve this issue with Dent Wizard prior to filing this lawsuit but has been unsuccessful.

**ANSWER:** Defendant denies the allegations in Paragraph 48 of Plaintiff's Complaint.

## COLLECTIVE ACTION ALLEGATIONS

49.     Plaintiff brings these claims under the FLSA as a collective action and will request the Court to grant conditional certification under 29 U.S.C. §216(b), and to order notices to potential opt-in individuals who are, or were, employed by Dent Wizard as Non-Retail Technicians within three (3) years prior to the commencement of this lawsuit.

**ANSWER:** Defendant admits that Plaintiff purports to bring a claim under the FLSA and has requested that the Court grant conditional certification under 29 U.S.C. §216(b) and order notices to potential opt-in individuals who are, or were, employed by Dent Wizard as Non-Retail Technicians within three (3) years prior to the comments of this lawsuit, but denies that Plaintiff is similarly situated to current and former Non-Retail Technicians employes by Dent Wizard. Except as specifically admitted, Defendant denies the allegations in Paragraph 49 of Plaintiff's Complaint.

- 9 -

50.     As part of its regular business practices, Dent Wizard intentionally, willfully, and continually harmed Plaintiff and the Putative Collective by engaging in a pattern, practice, or policy of violating the FLSA as to all Non-Retail Technicians.

**ANSWER:**     Defendant denies the allegations in Paragraph 50 of Plaintiff's Complaint.

51.     Although Dent Wizard permitted and/or required Non-Retail Technicians to work in excess of forty (40) hours per workweek, Dent Wizard has denied them full compensation for their hours worked over forty (40) hours.

**ANSWER:**     Defendant denies the allegations in Paragraph 51 of Plaintiff's Complaint.

52.     The Non-Retail Technicians were all paid an initial hourly rate for hours up to forty in a workweek, during which time they were not paid overtime premiums, despite working overtime hours.

**ANSWER:**     Defendant denies the allegations in Paragraph 52 of Plaintiff's Complaint.

53.     The Non-Retail Technicians' period of hourly pay was followed by a change to compensation based on a percentage of the amounts Defendant billed for their work.

**ANSWER:**     Defendant denies the allegations in Paragraph 53 of Plaintiff's Complaint.

54.     The Non-Retail Technicians all performed auto repair work at car dealerships on vehicles for resale.

**ANSWER:**     Defendant denies the allegations in Paragraph 54 of Plaintiff's Complaint.

55.     The Non-Retail Technicians did not work at Dent Wizard's retail locations.

**ANSWER:**     Defendant denies the allegations in Paragraph 55 of Plaintiff's Complaint.

56.     Plaintiff and the other Non-Retail Technicians were not compensated at a rate of time and one-half for all of the hours that they worked over forty (40) each week.

**ANSWER:**     Defendant denies the allegations in Paragraph 56 of Plaintiff's Complaint.

57.     Plaintiff and the other Non-Retail Technicians have worked in excess of forty (40) hours during one or more workweeks in the three years preceding this Complaint.

**ANSWER:**     Defendant denies the allegations in Paragraph 57 of Plaintiff's Complaint.

58.     Plaintiff and the Putative Collective uniformly suffered from Dent Wizard's illegal policies of failing to pay overtime premiums for overtime hours as described herein.

**ANSWER:**     Defendant denies the allegations in Paragraph 58 of Plaintiff's Complaint.

59.     Dent Wizard's failure to pay overtime as required by the FLSA results from generally applicable policies or practices and does not depend on the personal circumstances of the Non-Retail Technicians.

**ANSWER:**     Defendant denies the allegations in Paragraph 59 of Plaintiff's Complaint.

60.     The Non-Retail Technicians, irrespective of their particular job requirements, are entitled to overtime compensation for hours worked in excess of forty (40) hours during each workweek.

**ANSWER:**     Defendant denies the allegations in Paragraph 60 of Plaintiff's Complaint.

61.     As such, the collective of similarly situated Plaintiffs are properly defined as follows:

All current and former wheel technicians, interior technicians, paint technicians, paintless dent repair technicians, senior technicians, and master technicians who were employed by Dent Wizard to work outside of its retail locations within the last three (3) years, who were not compensated at one and one-half times their regular rate of pay for all hours worked in excess of forty (40) hours in a workweek.

**ANSWER:**     Defendant denies the allegations in Paragraph 61 of Plaintiff's Complaint.

62.     Upon information and belief, Dent Wizard's failure to compensate the Putative Collective at a rate of at least one and one-half times their regular rate of pay for all hours worked in excess of forty (40) hours in a workweek results from Dent Wizard's policy or practice that applies to all similarly situated Non-Retail Technicians, companywide.

**ANSWER:**     Defendant denies the allegations in Paragraph 62 of Plaintiff's Complaint.

**COUNT I**
**RECOVERY OF OVERTIME COMPENSATION UNDER FLSA**

63.     Plaintiff realleges and reincorporates paragraphs 1 through 42 and 49 through 62 as if fully set forth herein.

**ANSWER:**     Defendant reasserts as if fully stated herein their answers to all paragraphs

set forth above as if restated herein.

64.     Plaintiff worked in excess of forty (40) hours in a workweek in most, if not all, workweeks while employed by Dent Wizard.

**ANSWER:**     Defendant denies the allegations in Paragraph 64 of Plaintiff's Complaint.

65.     Plaintiff was not properly compensated at the statutory rate of one and one-half times his regular rate of pay for the hours that he worked in excess of forty (40) hours in a workweek.

- 11 -

**ANSWER:**   Defendant denies the allegations in Paragraph 65 of Plaintiff's Complaint.

66.   Plaintiff is entitled to be paid at the statutory rate of one and one-half times his regular rate of pay for those hours worked in excess of forty (40) hours in a workweek.

**ANSWER:**   Defendant admits that Plaintiff purports to be entitled to be paid the statutory rate of one and one-half times his regular rate of pay for those hours worked in excess of forty hours in a workweek.  Except where expressly admitted, Defendant denies the allegations in Paragraph 66 of Plaintiff's Complaint.

60.   [*sic*] Upon information and belief, the Putative Collective worked hours over forty (40) in one or more workweeks in the three (3) years preceding this Complaint.

**ANSWER:**   Defendant denies the allegations in the second Paragraph 60 of Plaintiff's Complaint.

61.   The Putative Collective were not paid premiums of time and one half of their regular rate of pay for hours worked over forty (40) in a workweek.

**ANSWER:**   Defendant denies the allegations in the second Paragraph 61 of Plaintiff's Complaint.

62.   The Putative Collective is entitled to be paid at the statutory rate of one and one-half times their regular rates of pay for those hours worked in excess of forty (40) hours in a workweek.

**ANSWER:**   Defendant denies the allegations in the second Paragraph 62 of Plaintiff's Complaint.

63.   Dent Wizard's actions were willful and/or showed reckless disregard for the provisions of the FLSA as Dent Wizard knew, or with reasonable diligence should have known, that overtime premiums were, and are due.

**ANSWER:**   Defendant denies the allegations in the second Paragraph 63 of Plaintiff's Complaint.

64.   Dent Wizard failed to properly disclose or apprise Plaintiff and the Putative Collective of their rights under the FLSA.

**ANSWER:**    Defendant denies the allegations in the second Paragraph 64 of Plaintiff's Complaint.

65.    Due to the intentional, willful, and unlawful acts of Dent Wizard, Plaintiff and the Putative Collective suffered, and continue to suffer, damages and lost compensation for hours worked over forty (40) hours per week, plus liquidated damages.

**ANSWER:**    Defendant denies the allegations in the second Paragraph 65 of Plaintiff's Complaint.

66.  Plaintiff and members of the Putative Collective who opt into this matter are entitled to an award of reasonable attorney's fees and costs pursuant to 29 U.S.C. §216(b).

**ANSWER:**    Defendant denies the allegations in the second Paragraph 66 of Plaintiff's Complaint.

**COUNT II**
**BREACH OF CONTRACT**

67.    Plaintiff realleges and reincorporates paragraphs 1 through 16, 20 through 28, and 43 through 48 as if fully set forth herein.

**ANSWER:**    Defendant reasserts as if fully stated herein their answers to all paragraphs set forth above as if restated herein.

68.    Upon his promotion to Senior Technician, Plaintiff was promised an increase to 42% of the amount Defendant billed for his work.

**ANSWER:**    Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 68.  To the extent a response is required, Defendant denies the allegations in Paragraph 68 of Plaintiff's Complaint.

69.    Plaintiff agreed to these terms and conditions of employment.

**ANSWER:**    Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 69.  To the extent a response is required, Defendant denies the allegations in Paragraph 69 of Plaintiff's Complaint.

70.     Plaintiff then worked for Dent Wizard as a senior technician, fulfilling his duties under the contract.

**ANSWER:**    Defendant admits that Plaintiff worked as a senior technician.  Defendant denies the remaining allegations in Paragraph 70 of Plaintiff's Complaint

71.     From at least January 2024 through June 2024, Dent Wizard failed to pay Plaintiff the promised increased commission rate.

**ANSWER:**    Defendant denies the allegations in Paragraph 71 of Plaintiff's Complaint.

72.     Dent Wizard's failure to pay constitutes a material breach of the Parties' agreement.

**ANSWER:**    Defendant denies the allegations in Paragraph 72 of Plaintiff's Complaint.

73.     Plaintiff was damaged by Dent Wizard's breach; in that from at least January 2024 through June 2024, he was not paid the owed compensation for his labor.

**ANSWER:**    Defendant denies the allegations in Paragraph 73 of Plaintiff's Complaint.

74.     Plaintiff seeks to recover his damages as a result of the breach.

**ANSWER:**    Defendant admits that Plaintiff purports to seek to recover his damages as a result of the breach.  Except where expressly admitted, Defendant denies the allegations in Paragraph 74 of Plaintiff's Complaint.

75.     The amounts owed are wages within the meaning of Fla Stat. §448.08.

**ANSWER:**    Although Paragraph 75 of Plaintiff's Complaint states a legal conclusion to which no response is required, Defendant denies that allegations in Paragraph 75 of Plaintiff's Complaint

76.     Plaintiff is entitled to recover his reasonable attorneys' fees and costs pursuant to Fla Stat §448.08.

**ANSWER:**    Defendant denies the allegations in Paragraph 76 of Plaintiff's Complaint.

77.     Plaintiff seeks recovery of the promised commissions; as well as all pre and post judgment interest; reasonable attorneys' fees and costs; and all other appropriate relief a, determined by the court.

- 14 -

**ANSWER:**    Defendant admits that Plaintiff purports to seek recovery of alleged promised commissions as well as all pre and post judgment interest, reasonable attorneys' fees and costs and all other appropriate relief as determined by the court.  Except where expressly admitted, Defendant denies that Plaintiff is entitled to any recovery and further denies the allegations in Paragraph 77 of Plaintiff's Complaint.

78.    Plaintiff does not seek double recovery. If the Court determines that any of the owed contract damages are recoverable under the FLSA, Plaintiff will offset his request for damages by any amounts awarded under the FLSA for the same claim.

**ANSWER:**    Defendant admits that Plaintiff represents that he is not seeking double recovery and that if the Court determines that any of the owed contract damages are recoverable under the FLSA, Plaintiff will offset his request for damages by any amounts awarded under the FLSA for the same claim.  Except where expressly admitted, Defendant denies that Plaintiff is entitled to any recovery and denies the remaining allegations in Paragraph 78 of Plaintiff's Complaint.

## REQUEST FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that judgment be entered in his favor against the Dent Wizard:

      a.    Certifying this case as a collective action in accordance with 29 U.S.C: § 216(b) with respect to the FLSA claims set forth herein.

      b.    Compelling Dent Wizard to disclose the names and addresses of all Putative Collective members and permitting Plaintiff to send notice of this action to all similarly situated individuals, including the publishing of notice in a manner that is reasonably calculated to apprise the Putative Collective of their right to join and participate in this lawsuit;

      c.    Granting judgment in favor of Plaintiff and the Putative Collective and against Dent Wizard;

      d.    Awarding Plaintiff and the Putative Collective overtime compensation for all hours worked over forty (40) hours in a workweek at the applicable time and one-half rate;

      e.    Awarding an equal amount of all owed wages as liquidated damages a, allowed under the FLSA;

      f.    Awarding Plaintiff post-judgment interest on all wages awarded under the FLSA;

g.    Awarding Plaintiff payment of amounts owed to Plaintiff for Dent Wizard's breach of its contractual obligation to pay 42% of the amounts billed for his services from at least January 2024 through June 2024;

h.    Awarding Plaintiff pre-judgment interest on the overtime award to the extent liquidated damages are not awarded;

i.    Awarding Plaintiff pre- and post-judgment interest on any amounts attributed to the breach of contract claim;

j.    Reasonable attorneys' fees, costs and expenses of this action as provided by statute; and

k.    Such other relief to which Plaintiff and Putative Collective members may be entitled, at law or in equity.

**ANSWER:**    To the extent Plaintiff's WHEREFORE Paragraph contains any allegations against Defendant, they are denied in their entirety.  Further answering, Defendant denies that Plaintiff is entitled to any of the relief sought herein.

## JURY DEMAND

Plaintiff demands trial by jury on all issues so triable as a matter of right by jury.

**ANSWER:**    Defendant admits Plaintiff seeks trial by jury.

## AFFIRMATIVE DEFENSES

Subject to a reasonable opportunity for further investigation and discovery and without shifting the burden of proof on any issue for which Plaintiff and others who allegedly are similarly situated bear that burden, Defendant alleges the following additional affirmative and other defenses:

1.    The Complaint, in whole or in part, fails to state a claim upon which relief can be granted.

2.    The Court lacks jurisdiction over the claims asserted by Plaintiff and any other putative collective or class member to the extent they have entered into binding agreements with Defendant to arbitrate such claims.  Additionally, these individuals may be parties to agreements impacting their ability to participate in a class or collective proceeding.

3.      Plaintiff cannot meet the requirements of 29 U.S.C. § 216(b), and thus is not entitled to collective action certification of his FLSA claim.

4.      Plaintiff's claims and the claims he seeks to assert on behalf of others are barred in whole or in part by the applicable statutes of limitations.

5.      Defendant's actions were not willful.  No act or omission of Defendant which is alleged to violate the law was willful, knowing, or in reckless disregard for the provisions of the FLSA.

6.      The collective allegations should be dismissed because independent and individual analyses of Plaintiff and the collective members' claims and Defendant's defenses to such claims are required.

7.      Plaintiff cannot offer a model of damages that is amenable to collective treatment.

8.      Certification of a collective, as applied to the facts and circumstances of this case, would constitute a denial of Defendant's procedural rights and rights to a trial by jury and to substantive and procedural due process, in violation of the Fourteenth Amendment of the United States Constitution.

9.      If Plaintiff and/or any putative collective members succeed in establishing any violation and to the extent any sums are found due and owing, any recovery should be offset by any sums owed by Plaintiff and/or any putative collective members to Defendant.

10.     Plaintiff and/or the putative collective members claims are barred in whole or in part because Defendant exercised reasonable care to prevent any alleged errors as they relate to wage payments and Plaintiff and/or the putative collective members unreasonably failed to take advantage of the preventative and corrective opportunities provided, or to otherwise avoid the alleged harm.

- 17 -

11.     Plaintiff's claims are barred in whole or in part by the provisions of Section 4 of the Portal-to-Portal Act, 29 U.S.C. § 254 as to all hours during which they and/or the putative collective members engaged in activities that were preliminary or postliminary to their principal activities.

12.     To the extent the periods of time alluded to in the Complaint, or periods of time alleged later in this action, predate the limitations periods set forth in Section 6(a) of the Portal-to-Portal Act, 29 U.S.C. §255(a), such claims are barred.

13.     Plaintiff's claims are barred in whole or in part by the provisions of Section 10 of the Portal-to-Portal Act, 29 U.S.C. §259, because actions taken in connection with Plaintiff's compensation and the compensation of similarly situated individuals were done in good faith in reliance upon written administrative regulations, orders, rulings, approvals, or interpretations of the Wage and Hour Division of the U.S. Department of Labor.

14.     Plaintiff's claims are barred in whole or in part by the provisions of Section 11 of the Portal-to-Portal Act, 29 U.S.C. §260, because any acts or omissions giving rise to this action were done in good faith and with reasonable grounds for believing that the actions or omissions were not a violation of the FLSA.

15.     Plaintiff's claims are barred in whole or in part because Plaintiff was not entitled to overtime pursuant to 29 U.S.C. § 207(i).

16.     Defendant asserts that any time spent by Plaintiff beyond their compensated workweek was *de minimis*.

17.     Some or all of the affirmative or additional defenses asserted herein may apply to the claims that may be asserted by some of the putative collective members described in the Complaint.

18.     Pending the conclusion of further discovery and investigation, Defendant respectfully reserves the right to add such further or supplemental defenses as may be warranted by the information developed through discovery and proper to the full defense of this litigation.

WHEREFORE, having fully answered Plaintiff's Complaint, Defendant respectfully requests this Court to dismiss Plaintiff's Petition in its entirety, grant Defendant its attorneys' fees and costs herein expended, and for such other and further relief, as the Court deems just and proper.

Dated:  May 23, 2025                                        Respectfully Submitted,

                                                           */s/ James Payer*
                                                           James Payer, Bar No. 292158
                                                           jpayer@littler.com
                                                           LITTLER MENDELSON, P.C.
                                                           600 Washington Avenue, Suite 900
                                                           St. Louis, Missouri 63101
                                                           Telephone:     314.659.2000
                                                           Facsimile:     314.659.2099

                                                           John H. Lassetter (*pro hac vice pending*)
                                                           jlassetter@littler.com
                                                           LITTLER MENDELSON, P.C.
                                                           1300 IDS Center
                                                           80 South 8th Street
                                                           Minneapolis, Minnesota 55402.2136
                                                           Telephone:     612.630.1000
                                                           Facsimile:     612.630.9626

                                                           *Attorneys for Defendant*
                                                           *Dent Wizard International, LLC*

## <u>CERTIFICATE OF SERVICE</u>

The undersigned certifies that on May 23, 2025, a true and correct copy of the foregoing was filed with the Clerk of the Court using the CM/ECF system to be served by operation of the Court's electronic filing system upon the following:

Corey L. Seldin, Esq.
MORGAN & MORGAN, P.A.
8151 Peters Road, Suite 4000
Plantation, Florida 33324
cseldin@forthepeople.com

*Attorneys for Plaintiff*

*/s/ James Payer*

- 20 -